IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.  06-CV-02141 LTB-BNB

LIBERTY MUTUAL FIRE INSURANCE COMPANY
Plaintiff,

vs.

GENERAL MOTORS CORPORATION
Defendant.

## AMENDED AGREED PROTECTIVE ORDER

NOW on this date came on to be considered the Joint Motion of Plaintiff, Liberty Mutual Fire Insurance Company, and Defendant, General Motors Corporation, by and through their respective attorneys of record, to enter an Amended Agreed Protective Order.  It is the opinion of the Court that said Motion should be GRANTED.

The discovery sought by Plaintiff in the above-entitled product liability case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature concerning General Motors Corporation (or of another entity or corporation which information General Motors Corporation is under a duty to maintain in confidence).  Such proprietary, trade secret, business and competitive documents expected to be produced during discovery may and/or will include product manufacture and assembly documents, product engineering drawings, product design drawings, product specifications, product testing analyses and/or data, etc. General Motors Corporation's design, manufacturing, testing, and other proprietary documents containing trade secrets should be protected.  *See Smith v. BIC Corporation*, 869 F.2d 194, 201 (3rd Cir. 1989).  These such

documents are hereafter referred to as "Confidential" or "Protected Information". Accordingly, the parties having agreed to enter into this Amended Agreed Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential or Protected Information, and for good cause shown, the Court hereby ORDERS as follows:

## Designation of Confidential Information

*Designation of Material.* Documents and other things claimed to be or to contain Confidential or Protected Information shall, prior to production, be reviewed by General Motors' counsel for a determination that the Confidential or Protected Information designation will be based on a good faith belief that the documents are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7) or by law. The designated documents shall be marked by General Motors Corporation as "Confidential" or "Produced Pursuant to Protective Order." Placement of the "Confidential" or "Produced Pursuant to Protective Order" designation on each protected page or on the initial page of the protected document when it is produced shall constitute notice and shall designate the documents as Confidential or Protected material. Copies, extracts, summaries, notes, and other derivatives of Confidential or Protected material also shall be deemed Confidential or Protected material and shall be subject to provisions of this Order.

*Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as "Confidential" or "Produced Pursuant to Protective Order" when they were initially produced may within a reasonable time thereafter be designated as Confidential or Protected by General Motors Corporation, or by any person or entity that may be involved.

Plaintiff and any other persons who receive such written notice shall endeavor to retrieve any Confidential or Protected Information that may have been disseminated, shall affix a "Confidential" or "Produced Pursuant to Protective Order" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

*Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as Confidential or Protected Information either by General Motors Corporation's attorney or by an attorney defending or attending the deposition. If General Motors Corporation claims that a deposition or any portion thereof contains Confidential or Protected Information, General Motors Corporation shall give notice of such claim to Plaintiff and any other persons either prior to or during the deposition, or within twenty-eight (28) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as "Confidential" or "Protected".

*Modification of Designation.* The designation of Confidential or Protected Information by General Motors Corporation shall not be determinative and may be modified or eliminated at any time in one of the two ways as explained below:

(1) General Motors Corporation may agree in writing to downgrade or eliminate the "Confidential" or "Produced Pursuant to Protective Order" designation concerning any material it produced.

(2) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, Plaintiff shall object to the designation of particular "Confidential" or "Produced Pursuant to Protective Order"

___

documents and/or information by providing written notice to General Motors Corporation. The written notice shall identify the information and documents to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, General Motors Corporation shall file an appropriate motion requesting that the court determine whether the disputed document(s) or information should be subject to the terms of this Protective Order. If such a motion is filed, the disputed "Confidential" or "Produced Pursuant to Protective Order" documents or information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If General Motors Corporation fails to file such a motion within the prescribed time, the disputed document(s) or information shall lose its designation as "Confidential" or "Produced Pursuant to Protective Order" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, General Motors Corporation shall bear the burden of establishing that good cause exists for the disputed documents or information to be treated as "Confidential".

### Access To Confidential or Protected Information

*General Access.* Except as otherwise expressly provided or ordered by the Court, Confidential or Protected Information may be disclosed only as follows:

To Plaintiff and Plaintiff's counsel (and secretaries, paralegals, and other staff employed in the offices of Plaintiff's counsel who are working on the litigation). Plaintiff's counsel further agrees that anyone working in its offices will be familiarized with the terms of this Order and instructed that they are bound by the Order to the same extent that Plaintiff's

counsel is bound by the Order.

To court reporters transcribing a deposition, hearing, or other proceeding in this matter.

To Plaintiff's experts and consultants (meaning a person who is retained by Plaintiff's counsel in good faith for the purpose of assisting in this litigation). Before the disclosure of Confidential or Protected Information documents marked as "Confidential" or "Produced Pursuant to Protective Order" to Plaintiff's expert and consultants, Plaintiff's counsel acknowledges that the experts and/or consultants who receive such Confidential or Protected Information have received a copy of this Order and agree to its terms. Plaintiff's experts and/or consultants shall not copy any documents designated "Confidential" or "Produced Pursuant to Protective Order", and shall not disclose such documents or information to any person or entity not authorized under this Order to view Confidential or Protected Information.

Plaintiff's counsel shall maintain a list of names of each expert and consultant who has been referenced in this Order to whom Confidential and Protected Information has been disclosed. A list of testifying experts to whom Confidential and Protected Information has been disclosed shall be made available to GM's counsel at the conclusion of this litigation.

Plaintiff, Plaintiff's counsel, technical consultants and/or experts shall not advertise nor otherwise publish that they have Confidential or Protected Information obtained from General Motors Corporation through discovery in this case, whether described specifically or generally.

Plaintiff, Plaintiff's counsel, technical consultants and/or experts shall not otherwise sell, offer, advertise, publicize nor provide under any condition, the Confidential or Protected documents, materials or information provided by General Motors Corporation to any competitor of General Motors Corporation or others who might exploit the materials and information for economic

gain.

The persons to whom the Confidential or Protected Information is disclosed or discussed shall agree to the jurisdiction of the United States District Court for the District of Colorado, over their person for the purposes of any action seeking to enforce the terms and conditions of this Order or any action for contempt for violation of the terms of the Order.

*No Copies/Notes.*  Except for internal use only by Plaintiff, for Court and deposition copies, and for such use as is expressly permitted under the terms of this Order, no person granted access to Confidential or Protected Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof, or shall take notes or otherwise summarize the contents of such Confidential or Protected Information.

*Disputes Over Access.*  If a dispute arises as to whether a particular person should be granted access to Confidential or Protected Information, Plaintiff may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential Information

*Use in This Litigation Only.*  Plaintiff and any other person authorized to have access may use Confidential or Protected Information only for purposes of this litigation.  Each person to whom the disclosure of any Confidential or Protected Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided by this Order.

*Use at Depositions.*  If Confidential Information is to be discussed or disclosed during a deposition, General Motors Corporation's counsel shall have the right to exclude from attendance

at the deposition, during the time the Confidential or Protected Information is to be discussed, any person not entitled under this Order to receive the Confidential or Protected Information.

*Use at Court Hearings and Trial.* Subject to the Federal Rules of Evidence, Confidential or Protected Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and General Motors Corporation. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

*Filing Under Seal.* Any party may file a motion, based on compelling reasons, that documents that contain Confidential or Protected Information be filed under seal pursuant to D.C.COLO.LCivR 7.2 and 7.3.

*Reasonable Precautions.* Plaintiff's counsel shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential or Protected Information. Plaintiff shall return to General Motors Corporation's counsel all documents and items constituting, containing, or reflecting Confidential or Protected Information at the end of this litigation.

## Other Provisions

*Return After Litigation.*  Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement or otherwise, or sooner if so ordered by the Court, Plaintiff shall return to General Motors Corporation's counsel, Davis Graham & Stubbs, LLP, the documents or other information (including all copies) produced pursuant to this Order.

*Miscellaneous.*  This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to initial disclosures or a formal discovery request or a Court order in this litigation.  This Order shall also apply to any disclosure of, and protects the confidentiality of, the residential addresses and social security numbers of any and all current and former employees of General Motors Corporation, and their agents or affiliates.  Plaintiff shall not disclose or publish any residential addresses and social security numbers of current or former employees found in any General Motors Corporation documents.

Dated May 3, 2007.

                                                             BY THE COURT:

                                                             s/ Boyd N. Boland
                                                             United States Magistrate Judge

APPROVED:

DATED:  5/02/2007

SEDGWICK, DETERT, MORAN & ARNOLD LLP

*s/Deborah E. Lewis*
Deborah E. Lewis
State Bar No. 12275232
1717 Main Street, Suite 5400
Dallas, Texas 75201-7367
(Telephone):          (469) 227-8200
(Facsimile):    (469) 227-8004

DATED:  5/02/2007

LAW OFFICES OF ROBERT E. YATES

*s/Stewart K. Smith*
Stewart K. Smith
State Bar No. 18685875
2110 Walnut Hill Lane, Suite 200
Irving, Texas 75038
(Telephone):   (972) 580-1249
(Facsimile):           (972) 714-0963